MARK FOWLER (Bar No. 124235)
mark.fowler@us.dlapiper.com
CHRISTINE K. CORBETT (Bar No. 209128)
christine.corbett@us.dlapiper.com
ERIK R. FUEHRER (Bar No. 252578)
erik.fuehrer@dlapiper.com
SUMMER TORREZ (Bar No. 264858)
summer.torrez@us.dlapiper.com
JONATHAN HICKS (Bar No. 274634)
jonathan.hicks@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel:  650.833.2000

Attorneys for Defendant,
APPLE INC.

James J. Foster
Aaron S. Jacobs (CA No. 214953)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA  02110
Tel:  617-456-8000
jfoster@princelobel.com
ajacobs@princelobel.com

Attorneys for Plaintiff,
UNILOC 2017 LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | CASE NO.  5:19-cv-01929-EJD<br><br>**STIPULATION & [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR PATENT LITIGATION** |

DLA Piper LLP (US)

WEST\287820013.1     STIP & [PROP] ORDER RE DISCOVERY OF ELECTRONICALLY-
STORED INFO FOR PATENT LIT / CASE NO. 5:19-CV-01929-EJD

Upon the stipulation of the parties, the Court ORDERS as follows:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

2. This Order may be modified in the Court's discretion or by stipulation. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 Conference.

3. As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. The parties are expected to comply with the District's E-Discovery Guidelines ("Guidelines") and are encouraged to employ the District's Model Stipulated Order Re: the Discovery of Electronically Stored Information and Checklist for Rule 26(f) Meet and Confer regarding Electronically Stored Information.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7. Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

8. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe as set forth in the Guidelines.

10. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case. Cost-shifting may be considered as part of any such request.

11. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The Court encourages the parties to confer on a process to test the efficacy of the search terms. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, this shall be considered in determining whether any party shall bear all reasonable costs caused by such additional discovery.

12. Nothing in this Order prevents the parties from agreeing to use technology assisted review and other techniques insofar as their use improves the efficacy of discovery. Such topics should be discussed pursuant to the District's E-Discovery Guidelines.

13. Format for production of documents – documents existing in electronic format. Except as otherwise provided, all documents existing in electronic format shall be produced in multiple page, searchable PDF format at a resolution of at least 300 dpi.

    A. PDF files shall be produced along with Concordance/Opticon image load files that indicate the beginning and ending of each document.

    B. The producing party may provide documents that already exist in PDF format in that same format, whether searchable or non-searchable. For documents converted to PDF format prior to production, the producing party shall make reasonable efforts to convert to searchable PDF.

    C. Metadata. Load files should include, where applicable, the information listed in the Table of Metadata Fields, attached as Exhibit A. The parties are not obligated to include metadata for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected. The parties may object to any request for the creation of metadata for documents that do not contain metadata in the original.

    D. Production media and encryption of productions. If the producing party encrypts production data, the producing party may forward the password to decrypt the production data separately from the medium to which the production data is saved.

14. Format for production of documents – hardcopy or paper documents. All documents that are hardcopy or paper files may be scanned and produced in the same manner as documents existing in electronic format, as above.

15. Source code. This Stipulation does not govern the format for production of source code.

16. Parent and child emails. The parties shall produce email attachments sequentially after the parent email.

17. Native files. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

DLA Piper LLP (US)
WEST\287820013.1
-3-
STIP & [PROP] ORDER RE DISCOVERY OF ELECTRONICALLY-STORED INFO FOR PATENT LIT / CASE NO. 5:19-CV-01929-EJD

18.  Databases. A party may produce relevant and responsive information from databases in an alternate form, such as a report or data table. These reports or data tables will be produced in a static format. The parties will identify the specific databases, by name, that contain the relevant and responsive information that parties produce.

19.  Requests for hi-resolution or color documents. As to specific requests for the production of higher resolution or color images, a producing party may object to such requests unless the document as originally produced is illegible or difficult to read. The producing party may respond by producing a native-file version of the document.

20.  Foreign language documents. All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions. In addition, if the producing party has a certified translation of a foreign-language document that is being produced, (whether or not the translation is prepared for purposes of litigation) the producing party shall produce both the original document and the certified translation. Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

IT IS SO STIPULATED, through Counsel of Record.

| | | |
|---|---|---|
| 1 | Dated:  October 16, 2019 | Respectfully submitted, |
| 2 | | |
| 3 | | */s/  Christine K. Corbett*<br>MARK FOWLER (Bar No. 124235) |
| 4 | | mark.fowler@us.dlapiper.com<br>CHRISTINE K. CORBETT (Bar No. 209128) |
| 5 | | christine.corbett@us.dlapiper.com<br>ERIK R. FUEHRER (Bar No. 252578) |
| 6 | | erik.fuehrer@dlapiper.com<br>SUMMER TORREZ (Bar No. 264858) |
| 7 | | summer.torrez@us.dlapiper.com<br>JONATHAN HICKS (Bar No. 274634) |
| 8 | | jonathan.hicks@us.dlapiper.com |

1  Dated:  October 16, 2019                    Respectfully submitted,

                                               */s/  Christine K. Corbett*
                                               MARK FOWLER (Bar No. 124235)
                                               mark.fowler@us.dlapiper.com
                                               CHRISTINE K. CORBETT (Bar No. 209128)
                                               christine.corbett@us.dlapiper.com
                                               ERIK R. FUEHRER (Bar No. 252578)
                                               erik.fuehrer@dlapiper.com
                                               SUMMER TORREZ (Bar No. 264858)
                                               summer.torrez@us.dlapiper.com
                                               JONATHAN HICKS (Bar No. 274634)
                                               jonathan.hicks@us.dlapiper.com
                                               **DLA PIPER LLP (US)**
                                               2000 University Avenue
                                               East Palo Alto, CA  94303-2214
                                               Tel:  650.833.2000

                                               Attorneys for Defendant
                                               APPLE INC.


Dated:  October 16, 2019                       Respectfully submitted,

                                               */s/  Aaron S. Jacobs*
                                               Aaron S. Jacobs
                                               James J. Foster
                                               Kevin Gannon
                                               **PRINCE LOBEL TYE LLP**
                                               One International Place, Suite 3700
                                               Boston, MA  02110
                                               Tel:  617-456-8000

                                               Anthony M. Vecchione
                                               Shawn A. Latchford
                                               Edward Nelson, III
                                               **NELSON BUMGARDNER ALBRITTON P.C.**
                                               3131 West 7th Street, Suite 300
                                               Fort Worth, TX  76107
                                               Tel:   817-377-9111
                                               Fax:  817-377-3485

                                               Attorneys for Plaintiff
                                               UNILOC 2017 LLC

**IT IS ORDERED** that the foregoing Agreement is approved.

Dated: _____

_____
Honorable Edward J. Davila
United States District Court Judge

### ECF CERTIFICATION

I, Christine K. Corbett, am the ECF user whose identification and password are being used to file this **STIPULATION & [PROPOSED] ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR PATENT LITIGATION** in compliance with Civil L.R. 5-1(i)(3). Concurrence to the filing of this document was obtained from Aaron S. Jacobs, counsel for UNILOC 2017 LLC, on October 16, 2019.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: October 16, 2019                    /s/ *Christine K. Corbett*
                                            CHRISTINE K. CORBETT