UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 19-cv-01929-EJD (VKD)<br><br>**ODER GRANTING APPLE'S MOTION TO STRIKE INFRINGEMENT CONTENTIONS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 73 |

Plaintiff Uniloc 2017 LLC ("Uniloc") sues defendant Apple Inc. ("Apple") for infringement of U.S. Patent No. 7,020,252 ("the '252 Patent"). Apple moves to strike Uniloc's infringement contentions. Dkt. No. 73. The presiding judge referred the motion to the undersigned magistrate judge. Dkt. No. 68 at 1–2. The Court heard oral argument on the motion on February 25, 2020. Dkt. No. 79. Having considered the parties' briefs and arguments made at the hearing, the Court grants Apple's motion to strike but grants Uniloc leave to amend.

## I. BACKGROUND

Uniloc contends that Apple infringes claims 1, 2, and 4 of the '252 patent. Dkt. No. 73-4 at 2. It served infringement contentions on October 31, 2019 asserting that numerous Apple devices capable of running software for Apple's iMessage feature infringe the asserted claims as follows:

> Apple infringes the '252 Patent by making, using, selling, offering to sell and/or importing mobile electronic devices into which Apple has installed software, or devices that are capable of downloading software that enable the devices to use Apple's iMessages feature to record and retrieve audio messages. The iMessages feature was introduced via an update to iOS 5 in October 2011 and via the release of OS X Mountain Lion in July 2012. All Apple products

>that include the iMessages software infringe the '252 Patent (together, "Accused Products").
>
>. . .
>
>Accused Products include the following devices: (1) iPhone 5, iPhone 5c, iPhone 5s, iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPhone 8, iPhone 8 Plus, iPhone X, iPhone XR, iPhone XS, iPhone XS Max, iPhone 11, iPhone 11 Pro, and iPhone 11 Pro Max cellphones; (2) iPad Pro, iPad Air, iPad Air 2, iPad 2, iPad 3, iPad 4, iPad mini, iPad mini 2, and iPad mini 3 tablets; (3) MacBook Air, MacBook Pro, iMac, iMac Pro, Mac Pro, and Mac mini, and (4) iPod touch. In addition, Apple states the Apple Watch has iMessages functionality. *See, e.g.*, https://support.apple.com/en-us/HT208489. Accused Products, therefore, also include: Apple Watch Series 2, Apple Watch Series 3, Apple Watch Series 4, and Apple Watch Series 5.

*Id.* at 1–2. Uniloc says that its infringement contentions are "based on information currently available to [it]" and that it intends to update those contentions "during the course of discovery as information about Apple's products comes to light, in response to the Court's claim construction, or following any source code inspection." *Id.* at 2.

On December 13, 2019, Apple sent a 12-page letter to Uniloc outlining what Apple believed were deficiencies in Uniloc's infringement contentions. Dkt. No. 73-2. The letter requested that Uniloc respond to or confer with Apple about these deficiencies by December 18, 2019. *Id.* at 12. Uniloc did not provide any substantive response to Apple's December 13 letter.

Apple moves to strike Uniloc's infringement contentions on several grounds. Dkt. No. 73. First, Apple says that Uniloc improperly relies on a single claim chart for a single unidentified Apple product as representative of its contentions for all accused products. Second, Apple says that Uniloc's claim chart fails to comply with the requirements of Patent Local Rule 3-1(c). Finally, Apple says that Uniloc does not disclose the bases for its contentions of indirect infringement and infringement under the doctrine of equivalents.

## II. LEGAL STANDARD

Patent Local Rule 3-1 requires, among other things:

>[A] party claiming patent infringement shall serve on all parties . . . the "Disclosure of Asserted Claims and Infringement Contentions" [which] shall contain the following information:
>
>(a) Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271

2

>     asserted;
>
> (b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;
>
> (c) A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function[;]
>
> (d) For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.(e) Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality[;]
>
> . . . .

Pat. L.R. 3-1. Compliance with this rule requires the plaintiff "to crystallize its theories of the case early in the litigation and to adhere to those theories once disclosed." *Bender v. Advanced Micro Devices, Inc.*, No. 09-cv-1149-EMC, 2010 WL 363341, at *1 (N.D. Cal. Feb. 1, 2010). It "takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not provided for streamlined discovery." *Network Caching Tech., LLC v. Novell, Inc.*, No. 01-cv-2079-VRW, 2002 WL 32126128, at *4 (N.D. Cal. Aug. 13, 2002).

"[A]ll courts agree that the degree of specificity under [Patent] Local Rule 3-1 must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'" *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (quoting *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)). The local rules do not "require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case," but "a patentee must

1  nevertheless disclose what in each accused instrumentality it contends practices each and every

2  limitation of each asserted claim to the extent appropriate information is reasonably available to

3  it." *DCG Sys. v. Checkpoint Techs., LLC*, No. 11-cv-03792-PSG, 2012 WL 1309161, at *2 (N.D.

4  Cal. Apr. 16, 2012).

5      "Striking a patentee's infringement contentions is a severe sanction that should be used

6  sparingly and only for good cause." *Avago Techs., Inc. v. IPtronics Inc.*, No. 5:10-CV-02863-

7  EJD, 2015 WL 4647923, at *2 (N.D. Cal. 2015) (citation omitted). As a result, "motions to strike

8  initial infringement [contentions] are frequently treated as motions to compel amendment of the

9  infringement contentions." *Geovector Corp. v. Samsung Elecs. Co.*, No. 16-CV-02463-WHO,

10  2017 WL 76950, at *7 (N.D. Cal. Jan. 9, 2017).

11  **III. DISCUSSION**

12      **A. Contentions Based on a Representative Product**

13      Apple argues that Uniloc may not rely on a single claim chart as representative of its

14  contentions for all 39 accused products because it has not shown that the product it has charted is

15  representative, particularly where the accused products use different operating systems and

16  Uniloc's claim chart is specific to Apple's iOS. Dkt. No. 73 at 5–6. "[R]epresentative products

17  may only be charted when supported by adequate analysis showing that the accused products share

18  the same critical characteristics." *Geovector*, 2017 WL 76950, at *5 (internal quotations

19  removed). "[I]n order to rely on a claim that one accused product represents another for purposes

20  of Rule 3-1(c), a patentee must do more than state as much. A patentee must state *how*." *Silicon

21  Labs. Inc. v. Cresta Tech. Corp.*, No. 14-c-03227-PSG, 2015 WL 846679, at *2 (N.D. Cal. Feb.

22  25, 2015) (emphasis original).

23      Uniloc's contentions rely on a single claim chart for functionality it identifies as

24  "Messages for iOS." Dkt. No. 73-4, Ex. A at ECF p.7. The contentions are silent regarding how

25  or why the disclosures in the chart should be deemed representative of all accused products. In its

26  opposition to Apple's motion to strike, Uniloc states simply that it "has no reason to believe that

27  any end-user device running the iMessage functionality operates any differently, especially as it

28  relates to the accused audio expiration feature, whether that device is an iPhone, iPad, iPod touch,

4

United States District Court
Northern District of California

Mac, or Apple Watch." Dkt. No. 75 at 4. However, at the hearing, Uniloc acknowledged that it had not obtained and examined all of the accused products.

Uniloc's "belief" that the iMessage feature is found in and operates in the same manner with respect to the asserted claims in all accused products is not a sufficient basis for reliance on "representative" infringement contentions. *Solannex, Inc. v. MiaSole, Inc.*, No. 11-cv-00171-PSG, 2013 WL 1701062, at *3 (N.D. Cal. Apr. 18, 2013) (contentions based on "information and belief" do not comply with Pat. L.R. 3-1(c)). The Court strikes these contentions to the extent they purport to encompass accused products other than the specific product on which the chart is based.

Uniloc may amend its infringement contentions to address this issue. If Uniloc chooses to rely on a representative product for its infringement contentions, it must have a Rule 11 basis for asserting that one product is representative of other accused products, and it must also explain how the product is representative. *Uniloc 2017 LLC v. Apple Inc.*, No. 3:19-cv-01904-WHO, Dkt. No. 80 at 10 (N.D. Cal. Dec. 16, 2019); *Cap Co. v. McAfee, Inc.*, No. 14-c-05068-JD, 2015 WL 4734951, at *2 (N.D. Cal. Aug. 10, 2015); *Silicon Labs.*, 2015 WL 846679, at *2. At a minimum, any representative claim chart or charts must account for the different operating systems used by the accused products. Alternatively, if Uniloc chooses not to rely on a representative product or products, it must provide a chart for *each accused product* identifying specifically where and how each limitation of each asserted claim is found in that product.

### B. Compliance with Patent Local Rule 3-1(c)

Apple contends that Uniloc's claim chart does not comply with Patent Local Rule 3-1(c)'s requirement to identify specifically where and how each limitation of each asserted claim is found in the accused product. Dkt. No. 73 at 6–8. Apple's motion addressed only Uniloc's contentions for the "audio data recorder" and "communications system" limitations in the preambles of claims 1, 2, and 4. *Id.* at 8. However, at the hearing, Apple argued that Uniloc's contentions for other limitations suffered from the same problems.

For reasons Uniloc does not explain, it chose a color-coding scheme to attempt to show that particular claim terms within each asserted claim map to elements of the accused product. The result is a confusing mess, as illustrated by the example below:



Dkt. No. 73-4, Ex. A at ECF p. 10. The Patent Local Rules do not prohibit the use of screenshots or other images in claim charts, and they are frequently helpful. But Uniloc's color-coded pictures, without more, do not fairly describe Uniloc's theory of infringement by showing where and how each limitation of each asserted claim is found in the accused product. *See, e.g.*, *Finjan, Inc. v. SonicWall, Inc.*, No. 5:17-cv-04467-BLF (VKD), 2019 WL 2077849 (N.D. Cal. May 10, 2019) (granting motion to compel further infringement contentions where plaintiff disclosed only functions performed instead of component of accused instrumentality that performed the functions). For this reason, the Court strikes Uniloc's claim chart in its entirety.

Uniloc may serve amended claim charts that address this issue. It must use words (in addition to pictures, if it wishes) to explain its contentions. To eliminate confusion arising from the format of the required claim chart, Uniloc's amended contentions must use a conventional two-column chart format. For each accused product (or representative product), Uniloc must prepare a two-column chart with the text of the asserted claim in the first column, and an explanation of where and how each limitation of the asserted claim is found in the accused product

in the second column. Each limitation of each asserted claim must be addressed in a separate row in each chart.

One other matter requires Uniloc's attention: "[A] patentee must . . . disclose what in each accused instrumentality it contends practices each and every limitation of each asserted claim *to the extent appropriate information is reasonably available to it*." *DCG Sys.*, 2012 WL 1309161, at *2 (emphasis added). Apple has made an initial production of non-public technical documents, including source code, as part of its Patent Local Rule 3-4 disclosures. This means that the scope of information currently reasonably available to Uniloc is likely broader than when it served its original contentions in October 2019. Uniloc may not ignore this information in amending its contentions to provide the necessary specificity.

### C. Indirect Infringement Contentions

Patent Local Rule 3-1(d) requires a plaintiff to indicate "[f]or each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged direct infringer that contribute to or are inducing that direct infringement." Uniloc asserts that Apple both induces and contributes to the direct infringement of the asserted claims by others. With respect to induced infringement, Uniloc contends:

> Apple is also liable for infringement under 35 U.S.C. § 271(b), as it has actively induced infringement by others, including customers using the Accused Products, by encouraging others to use, and instructing others how to use, the iMessages feature that Apple has designed and programmed into the Accused Products with the intent that customers use the feature to record and retrieve audio messages as Apple intends. For example, Apple has had knowledge of the '252 Patent since, at the latest, the service of the complaint in this case. Since that time, Apple has continued to sell the Accused Products with the iMessages software and has provided support and instructions for using the iMessages software pre-installed by Apple on the Accused Products. Apple also causes its customers to update the software on its devices, including updates to the iMessages software which updated software also results in the infringement of claims 1-2 and 4 of the '252 patent.

Dkt. No. 73-4 at 2–3. With respect to contributory infringement, Uniloc contends:

> Apple has also infringed claims 1-2 and 4 of the '252 patent by contributing to the infringement by others. For example, the Accused Products imported, offered for sale, and sold by Apple include a software component that provides the iMessages functionality and is a material part of the invention of the asserted

7

> claims of the '252 patent. Since gaining knowledge of the '252 patent, Apple has known that the iMessages software has no other function other than to infringe. The portions of the iMessages software are especially made or especially adapted for use in infringement of the '252 patent and are not a staple article or a commodity of commerce suitable for substantial non-infringing use. Apple is thereby liable for infringement of the '252 Patent under 35 U.S.C. § 271(c).

*Id.* at 3.

Apple argues that Uniloc's contentions do not comply with Patent Local Rule 3-1(d) because they do not identify which "instructions, advertisements, or promotions led to what infringing behavior." Dkt. No. 73 at 9–10 (citing *Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*, No. 16-cv-06180-WHA, 2017 WL 2630088 (N.D. Cal. June 19, 2017)). Relying on *DCG Systems*, Uniloc responds that its contentions asserting that Apple sold accused products to customers and that indirect infringement occurs when customers use the software providing the iMessage functionality are sufficient. Dkt. No. 75 at 6.

A party asserting induced infringement must prove that: (1) a third party directly infringed the asserted claims of the patent; (2) the accused infringer induced those infringing acts; and (3) the accused infringer knew the acts it induced constituted infringement. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1332 (Fed. Cir. 2016); 35 U.S.C. § 271(b). To satisfy the knowledge requirement, either actual knowledge or willful blindness is required. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 786 (2011).

Contributory infringement involves the sale of a component especially designed for use in a patented combination or process. 35 U.S.C. § 271(c) ("Whoever offers to sell or sells within the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer."). To succeed on a contributory infringement claim, the patentee must prove that: (1) a third party directly infringed the asserted claims of the patent; (2) the accused infringer had knowledge of the patent; (3) the component has no substantial non-infringing uses, and (4) that the component is a material part of

8

the claimed invention. *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010). As with induced infringement, "contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015).

The weight of authority in this District is against Uniloc. *See, e.g.*, *Uniloc 2017 LLC v. Apple Inc.*, No. 3:19-cv-01904-WHO, Dkt. No. 80 at 10 (N.D. Cal. Dec. 16, 2019) ("An assertion that Apple produced infringing products and sold or promoted these products is insufficient to meet [Patent] Local Rule 3-1(d)'s requirements."); *Comcast Cable*, 2017 WL 2630088, at *4–5 (finding specific references to and screenshots of defendant's website and user manuals insufficient because patent owners did not tie defendant's marketing materials to their allegations of direct infringement); *Cap Co.*, 2015 WL 4734951, at *3 (finding plaintiff's recitation of defendant's indirect infringement through "sale and customer support and instruction of its customers" and website that does not reference the accused functionality insufficient under Patent Local Rule 3-1(d)); *Creagri, Inc. v. Pinnaclife Inc., LLC*, No. 11-cv-06635-LHK-PSG, 2012 WL 5389775, at *5 (N.D. Cal. Nov. 2, 2012) (noting that plaintiff failed to identify what advertisements and instructions led to what infringing behavior). Because Uniloc's indirect infringement contentions do not adequately disclose the factual bases for its theories of induced infringement or contributory infringement, the Court strikes Uniloc's indirect infringement contentions.

Uniloc may amend its infringement contentions to address this issue. For induced infringement, Uniloc must identify which specific instructions, advertisements, or promotions led to what infringing behavior. For contributory infringement, Uniloc must describe how the iMessage feature is especially made or adapted for use in infringement of the asserted claims and not a staple article or commodity of commerce suitable for substantial noninfringing use.

**D.     Doctrine of Equivalents Contentions**

Patent Local Rule 3-1(e) requires a plaintiff to identify "[w]hether each limitation of each asserted claim is asserted to be literally present or present under the doctrine of equivalents in the Accused Instrumentality." Uniloc contends:

9

> Assuming the Court construes the claims as Uniloc 2017 requests, Uniloc 2017 believes each element is literally present. Uniloc 2017 may, however, revise these contentions to identify an element as present under the doctrine of equivalents if 1) the Court's construction so requires; 2) discovery – in particular, review of source code – reveals Apple's products operate differently than Uniloc 2017 had contended; or 3) Apple advances a claim construction Uniloc 2017 has not foreseen."

Dkt. No. 73-4 at 3. Apple argues that the above text is an impermissible "boilerplate reservation" of the right to assert a theory of infringement under the doctrine of equivalents. Dkt. No. 73 at 10–11. Apparently, Uniloc currently has no doctrine of equivalents theory to disclose. Rather, Uniloc says that it should be permitted to later amend its contentions to assert infringement under the doctrine of equivalents based on future claim constructions. Dkt. No. 75 at 6–7.

Uniloc's attempt to reserve a doctrine of equivalents theory is improper and does not comply with the Patent Local Rules. *See, e.g.*, *Uniloc 2017 LLC v. Apple Inc.*, No. 3:19-cv-01904-WHO, Dkt. No. 80 at 10 (N.D. Cal. Dec. 16, 2019) (striking with prejudice Uniloc's boilerplate reservation of doctrine of equivalents infringement contentions); *Uniloc 2017 LLC v. Apple, Inc.*, No. 3:19-cv-01697-VC, Dkt. No. 106, at 2 (N.D. Cal. Dec. 13, 2019) (granting Apple's motion to strike with respect to Uniloc's boilerplate reservation of rights to argue the doctrine of equivalents, stating that "Uniloc may not insert a placeholder in the absence of a present theory"); *InteraXon Inc. v. Neurotek, LLC*, No. 15-c-05290-KAW, 2016 WL 5118267, at *2 (N.D. Cal. Sept. 21, 2016) ("It is improper to assert the doctrine of equivalents with generic 'placeholder' language on the hope that future discovery might support such an assertion."); *Finjan, Inc. v. Sophos, Inc.* No. 14-cv-01197-WHO, 2015 WL 5012679, at *3 (N.D. Cal. Aug. 24, 2015) ("A boilerplate reservation of [the] right to argue the doctrine of equivalents, completely unrelated to unspecific claim elements of the allegedly infringing technology, is not enough to satisfy Patent Local Rule 3.") (internal quotation marks omitted); *OptimumPath, LLC v. Belkin Int'l, Inc.*, No. C-09-1398CW, 2011 WL 1399257, at *7–8 (N.D. Cal. Apr. 12, 2011) ("Courts in [the Northern District of California], however, have strictly applied Patent Local Rule 3-1(e)" and "have rejected plaintiffs' attempts to assert claims under the doctrine of equivalents with blanket statements"); *Rambus Inc. v. Hynix Semiconductor Inc.*, No. C-05-00334-RMW, 2008 WL

5411564, at *3 (N.D. Cal. Dec. 29, 2008) (noting that the Patent Local Rules require a limitation-by-limitation doctrine of equivalents analysis and not a boilerplate reservation).

The Court strikes Uniloc's assertion of infringement under the doctrine of equivalents without leave to amend at this time. If and when Uniloc has good cause to assert infringement under the doctrine of equivalents, it may seek leave to amend under Patent Local Rule 3-6.

### E. Apple's Requested Relief

Because the Court will permit Uniloc to amend some of the contentions Apple moved to strike, Apple asks that the Court vacate the current case management schedule and set new dates for invalidity contentions and claim construction proceedings. Dkt. No. 77 at 8. As a general matter, a request to modify the deadlines set in a scheduling order is properly directed to the presiding judge who issued the order, not the undersigned magistrate judge. Moreover, here, Apple's request for an opportunity to amend its invalidity contentions and claim construction disclosures is premature, as Uniloc's permitted amendments may have no bearing on any invalidity or claim construction positions Apple has asserted to date, and Apple has not shown that future amendments by Uniloc will necessarily require corresponding amendments by Apple.

After Uniloc serves its amended infringement contentions in compliance with this order, Apple may move for leave to amend its invalidity contentions if Apple believes it can satisfy the requirements of Patent Local Rule 3-6.

In addition, because the undersigned magistrate judge will handle claim construction proceedings on a report and recommendation basis in this case, if either party believes that amendments to their respect infringement or invalidity positions will impact their respective claim construction positions, the parties should confer regarding any proposed adjustments to the disclosures or the briefing schedule and submit their proposal to the undersigned magistrate judge for consideration. If the parties do not agree on a proposal, they may use the expedited discovery dispute procedure outlined in the undersigned's Standing Order for Civil Cases to submit their dispute to the Court for resolution. However, the Court does not intend to move the claim construction hearing set for August 10, 2020. Dkt. No. 68.

11

## IV. CONCLUSION

For the foregoing reasons, the Court grants Apple's motion to strike Uniloc's infringement contentions. Uniloc may amend its infringement contentions as specifically permitted above. Uniloc must serve its amended infringement contentions no later than **March 11, 2020**.

**IT IS SO ORDERED.**

Dated: February 28, 2020

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge