MARK FOWLER (Bar No. 124235)
mark.fowler@us.dlapiper.com
CHRISTINE K. CORBETT (Bar No. 209128)
christine.corbett@us.dlapiper.com
ERIK R. FUEHRER (Bar No. 252578)
erik.fuehrer@us.dlapiper.com
JONATHAN HICKS (Bar No. 274634)
jonathan.hicks@us.dlapiper.com
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel:   650.833.2000

Attorneys for Defendant,
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNILOC 2017 LLC, | CASE NO.  5:19-cv-01929-EJD |
| Plaintiff, | **APPLE INC.'S ADMINISTRATIVE MOTION FOR RELIEF FROM PROTECTIVE ORDER** |
| v. | |
| APPLE INC., | |
| Defendant. | |

1    In accordance with Civil Local Rule 7-11, Apple Inc. submits this motion for an order

2    granting relief from the Protective Order in this litigation.

3    Apple and Intel Corporation filed suit against various defendants, including Uniloc 2017

4    LLC ("Uniloc"), on November 20, 2019 in *Intel Corp. v. Fortress Investment Group et al.*, 3:19-

5    cv-07651-EMC (N.D. Cal.) ("Antitrust Litigation").  On August 4, 2020, Apple and Intel filed an

6    amended complaint.  In their complaint and amended complaint, Apple and Intel are challenging

7    the defendants', including Uniloc's, anticompetitive scheme of acquiring substitute and

8    complementary patents in particular markets relating to electronic devices and components or

9    software therein and processes used to manufacture them, and then using their aggregated

10    portfolio to obtain patent royalties greatly exceeding the value of the alleged inventive

11    contributions of and competitive prices for the patents.  Apple and Intel have alleged in the

12    Antitrust Litigation that the patent asserted in this litigation, U.S. Patent No. 7,020,252 ("the '252

13    Patent") is one of those that has been aggregated anticompetitively.  A manifestation of Fortress

14    Investment Group's ("Fortress") and Uniloc's enforcement activity, on those substitute and

15    complementary patents, is the barrage of 35 patents they have alleged Apple infringes across

16    24 U.S. lawsuits, including this one.

17    On January 6, 2021, the district court dismissed Apple and Intel's amended complaint and

18    noted that Apple and Intel "could have … asked the courts presiding over [the Uniloc]

19    infringement suits [against Apple] for relief from the protective order so that they could make a

20    filing under seal in this case" in order to provide evidence to support these allegations, including

21    about how much Uniloc "paid to acquire" patents at issue in the markets.  (Antitrust Litig., Dkt.

22    No. 230 at 26 n.9.)  The district court further noted "shortcomings" it perceived in Apple and

23    Intel's allegations about how the defendants are alleged to have "extracted supracompetitive

24    royalties," including that (1) the amended complaint "provided no information about, *e.g.*, what

25    these companies [which licensed specified patents from Uniloc] paid as part of their settlements

26    with Uniloc," (2) there are no allegations regarding whether the patents identified in the amended

27    complaint "represent the 'crown jewels' of the field or just a small portion of a large field of

28    substitutes," and (3) Apple and Intel "failed to make allegations tying the pricing differential to

DLA PIPER LLP (US)
EAST PALO ALTO

WEST\292858091.2

aggregation of the patents at issue" in the amended complaint.  (*Id.* at 23-27.)  The district court granted Apple and Intel leave to file a second amended complaint within 30 days, i.e., by February 5, 2021.

Apple and Intel intend to overcome these perceived shortcomings in a second amended complaint.  To support the allegations in that complaint, Apple seeks limited relief from the protective order in the instant action to file under seal in the Antitrust Litigation (1) information describing the historical prices Uniloc paid for the '252 Patent, such as the purchase price Uniloc paid to the prior owner for the patent portfolio encompassing the '252 Patent, and (2) information describing settlement amounts for any settlement covering the '252 Patent.  In particular, Apple requests permission to file under seal in the Antitrust Litigation these categories of information that are contained in:

- The price paid by the prior owner and various Uniloc entities to acquire the portfolio that includes the '252 patent, as reflected in multiple patent assignment and purchase agreements:

    - PENDRELL_00016910[1]

    - PENDRELL_00017340

    - PENDRELL_00017429

    - UNILOC_PENDRAGON_0441

    - UNILOC_PENDRAGON_1331

    - UNILOC_PENDRAGON_0051

    - UNILOC_PENDRAGON_0090

    - UNILOC_PENDRAGON_0110

    - UNILOC_PENDRAGON_1830

    - UNILOC_PENDRAGON_0100

---

[1] PENDRELL_00016910, PENDRELL_00017340, and PENDRELL_00017429 were produced by third-party Pendragon Wireless LLC, d/b/a Pendrell, in response to a subpoena served by Apple.  Uniloc's counsel represented Pendrell in connection with Pendrell's response to Apple's subpoena.  As a result, any objection Pendrell may have to this motion can be addressed by Uniloc's counsel in its opposition.

- UNILOC_PENDRAGON_1820

- UNILOC_PENDRAGON_1992

- UNILOC_PENDRAGON_1839

- UNILOC_PENDRAGON_1978

- The price paid by various licensees to Uniloc to acquire rights to the '252 patent, as reflected in license agreements:

  - UNILOC_PENDRAGON_4339

  - UNILOC_PENDRAGON_2789

  - UNILOC_APPLE_1929_673

  - UNILOC_APPLE1692_4779[2]

  - UNILOC_APPLE1692_2126

  - UNILOC_APPLE1692_2201

  - UNILOC_APPLE1692_2273

  - UNILOC_PENDRAGON_2759-774

  - UNILOC_PENDRAGON_2742-758

  - UNILOC_PENDRAGON_2706-741

  - UNILOC_PENDRAGON_2668-705

### *Apple's Request for Relief from the Protective Order Should Be Granted*

The Ninth Circuit "strongly favors disclosure to meet the needs of parties in pending litigation." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  When evaluating whether to grant relief from a protective order, the court considers "the relevance of the protected discovery to the collateral proceedings and its general discoverability therein." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003).  Next, the court considers the reliance interest of the party opposed to the relief; however, where a blanket

---

[2] UNILOC_APPLE1692_4779, UNILOC_APPLE1692_2126, UNILOC_APPLE1692_2201, and UNILOC_APPLE1692_2273 were produced in a parallel litigation—*Uniloc USA, Inc. et al. v. Apple Inc.*, No. 5:19-cv-01692-EJD (VKD)—pursuant to a cross-use agreement that applies to the instant litigation.

1    protective order is at issue, "any legitimate interest … can be accommodated by placing [the

2    collateral litigants] under the same restrictions on use and disclosure contained in the original

3    protective order.'" *Id.* at 1133.  Applying this framework, Apple's limited request should be

4    granted.

5         ***First***, the limited information sought is relevant to Apple's allegations that aggregation of

6    patents by Uniloc and other of the Antitrust Litigation defendants in patent markets has reduced

7    competition and resulted in supracompetitive royalties.  In particular, this information is relevant

8    to showing that following Uniloc's acquisition of the '252 Patent, it has sought supracompetitive

9    royalties, which Apple alleges are a result of the anticompetitive conduct at issue in the Antitrust

10   Litigation.  Indeed, the court's order in the Antitrust Litigation makes clear that Apple and Intel

11   should seek leave to include such information in an amended complaint.  (*See* Antitrust Litig.,

12   Dkt. No. 230 at 26 n.9.)  Accordingly, disclosure of these documents would be consistent with

13   Ninth Circuit precedent favoring disclosure to meet the needs of parties in pending litigation.  *See*

14   *Beckman*, 966 F.2d at 476; *Foltz*, 331 F.3d at 1131; *CBS Interactive, Inc. v. Etilize, Inc.*, 257

15   F.R.D. 195, 204-206 (N.D. Cal. 2009) (allowing the plaintiff to use confidential material

16   produced by the defendant to pursue claims against the defendant in state court).

17        ***Second***, Uniloc's confidentiality interests in the documents will be maintained by

18   restricting access to outside counsel in the Antitrust Litigation subject to the terms of the

19   Protective Order in this litigation and filing the confidential portions of Apple and Intel's second

20   amended complaint under seal.  Purchase price and settlement amounts are considered trade

21   secret information.  *See, e.g.*, *Electronic Arts, Inc. v. U.S. Dist. Court for the N. Dist. of Cal.*, 298

22   F. App'x 568, 569 (9th Cir. 2008) (pricing terms, royalty rates, guaranteed minimum payment

23   terms of licensing agreement constituted trade secret); *Powertech Tec., Inc., v. Tessera, Inc.*, No.

24   C 11-6121 CW, 2012 U.S. Dist. LEXIS 75831, at *5 (N.D. Cal. May 31, 2012) (compelling

25   reasons to seal license agreement).  In the Antitrust Litigation, the court has previously granted

26   sealing requests relating to information about Intel's license and/or patent purchase agreements

27   with third parties and information about negotiations between either Intel or Apple and one or

28   more defendants or non-parties contained in the original and amended complaints.  (*See, e.g.*,

1    3:19-cv-07651-EMC, Dkt. No. 54 at 1; *id.*, Dkt. No. 193 at 1; *id.*, Dkt. No. 215 at 1.)  That court

2    has also previously sealed information about damages demands that a defendant in the Antitrust

3    Litigation regards as confidential.  (*See* 3:19-cv-07651-EMC, Dkt. No. 193 at 1.)  Moreover, the

4    January 6, 2021 ruling in the Antitrust Litigation specifically suggests that Apple and Intel seek

5    relief from the protective order in other litigations "so that they [Apple and Intel] could make a

6    filing under seal in this case," i.e., the Antitrust Litigation.  (*Id.*, Dkt. No. 230 at 26 n.9.)

7            The Court should grant relief from the Protective Order to allow Apple to include (under

8    seal) the information described above in their second amended complaint in the Antitrust

9    Litigation.  Apple respectfully requests that the Court do so by February 3, 2021, in advance of

10   the February 5, 2021 deadline for filing a second amended complaint in the Antitrust Litigation.

11           Apple contacted Pendrell and Uniloc to request its agreement to this request, but was

12   unable to obtain agreement.  (Declaration of Christine K. Corbett, ¶ 5.)

13

14

15   Dated:  January 28, 2021                    Respectfully submitted,

16                                               **DLA Piper LLP (US)**

17                                               */s/ Christine K. Corbett*
                                                 Mark D. Fowler
18                                               Christine K. Corbett
                                                 Erik R. Fuehrer
19                                               Jonathan Hicks
20                                               **DLA Piper LLP (US)**
                                                 2000 University Avenue
21                                               East Palo Alto, CA  94303-2214
                                                 Tel:  650.833.2000
22                                               Fax:  650.833.2001

23                                               **ATTORNEYS FOR DEFENDANT**
                                                 **APPLE INC.**
24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2       I hereby certify that on the 28th day of January, 2021, I electronically filed the foregoing

3   with the Clerk of Court using the CM/ECF system which will send notification of such filing via

4   electronic mail to all counsel of record.  Any other counsel of record will be served by first class

5   U.S. mail.

6                                              */s/ Christine K. Corbett*
                                              Christine K. Corbett
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28