Aaron S. Jacobs (CA No. 214953)
ajacobs@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
617-456-8000

Attorneys for Non-Party Pendrell Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | Civil Action No.  5:19-cv-01929-EJD<br><br>**NON-PARTY PENDRELL CORPORATION'S OPPOSITION TO DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION FOR RELIEF FROM PROTECTIVE ORDER** |

Non-party Pendrell Corporation ("Pendrell") opposes defendant Apple Inc.'s ("Apple") Administrative Motion For Relief From Protective Order, Dkt. No. 105. Apple obtained the following confidential documents from Pendrell through a third-party subpoena:

- PENDRELL_00016910: A collection of documents related to Pendrell's 2012 purchase of a portfolio of 882 patents, including the '252 patent.
- PENDRELL_00017340: The 2017 patent purchase agreement wherein Pendrell sold 483 patents to Uniloc.
- PENDRELL_00017429: The 2018 amendment to the patent purchase agreement between Pendrell and Uniloc.

Apple agreed, pursuant to the stipulated protective order in this matter (the "Protective Order"), that these documents would be used for purposes of this litigation only, absent permission:

> All Protected Material shall be used *solely for this case or any related appellate proceeding, and not for any other purpose whatsoever* . . . . Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

Dkt. No. 65 § 6(a) (emphasis added). Now Apple seeks to rescind that promise through an improper administrative motion so that it can use Pendrell's protected information against other entities in another litigation in which discovery is stayed. By doing so, Apple hopes to circumvent that stay so that it can resurrect a twice-failed antitrust complaint. This does not constitute good cause to modify a protective order. Moreover, Apple's motion makes clear that it is already violating the Protective Order by sharing Pendrell's protected information with others and using such information for the benefit of a third party to this action (Intel). The motion should be denied.

I.  **INTRODUCTION**

Apple and Intel Corp. ("Intel") filed an antitrust action against Fortress Investment Group LLC ("Fortress"), Uniloc 2017 LLC ("Uniloc"), and other defendants more than 14 months ago. *Intel Corp. et al. v. Fortress Investment Group et al.*, Case No. 5:19-cv-07651-EMC, Dkt. No. 1 (N.D. Cal., Nov. 20, 2019) ("Antitrust Action"). The defendants in the Antitrust Action moved to dismiss, *id.*, Dkt. No. 111, and stay discovery, *id.*, Dkt. No. 113. The Court entered a stay of discovery pending consideration of defendants' motions to dismiss on March 25, 2020, which stay remains in effect. *Id.*, Dkt. No. 158. On July 7, 2020, Judge Chen dismissed the complaint for failure to state a claim. *Id.*, Dkt. No. 187.

Apple and Intel filed an amended complaint on August 4, 2020. *Id.*, Dkt. No. 192. One of their theories was that the purchase price by which certain defendants had acquired patents, coupled with the damage demands these defendants had sought for infringement of these patents, constituted evidence of supracompetitive pricing. *E.g., id.* ¶ 337. Apple and Intel further alleged that defendants had refused to grant them permission to disclose this information, which had been filed under seal in the patent litigations. *Id.* ¶¶ 228-230, 247, 335. Instead of seeking relief from those protective orders, Apple and Intel chose to use defendants' responses as an excuse for their failure to plead a cognizable antitrust claim. *Id.*, Dkt. No. 208 at 22 (arguing that pleading rules should be "relaxed" because defendants "have taken action to keep Plaintiffs from being able to allege more specific details"). Judge Chen rejected this tactic. *Id.*, Dkt. No. 229 at 22, n.9. He also concluded that such information had "limited probative value" in any event, *id.* at 25, and rejected Intel and Apple's assertion that "supracompetitive pricing can be inferred if one were to compare the relatively low price that [a defendant] paid to acquire the patent compared to the exorbitant[—in plaintiffs' words—]damages [the defendant] has claimed for Intel's alleged infringement of [that] patent." *Id*. at 26-27; *see also id.* ("[E]ven assuming this is true, the differential must plausibly be attributable to the aggregation of patent substitutes acquired by Defendants," which "Plaintiffs have failed" to allege). Judge Chen again granted dismissal with partial leave to amend. *Id.*

## II. THE RELIEF APPLE SEEKS IS NOT "ADMINISTRATIVE"

As an initial matter, Apple's motion is procedurally improper. Administrative motions are for minor "miscellaneous administrative matters, not otherwise governed by a . . . Federal or local rule." L.R. 7-11. An administrative motion is "not the appropriate vehicle" to obtain "substantive" relief. *Hess v. Astrazeneca Pharm.*, L.P., No. C 06-0572 PJH, 2006 WL 2092068, at *1 (N.D. Cal. July 26, 2006). Modification of a protective order is substantive: "Rule 26(c) of the Federal Rules of Civil Procedure governs protective orders." *Phoenix Sols. Inc. v. Wells Fargo Bank*, 254 F.R.D. 568, 579 (N.D. Cal. 2008); *see also Bedwell v. Fish & Richardson*, 2009 WL 10671333, at *6 (S.D. Cal. June 22, 2009) ("If Plaintiff wishes to modify the current Protective Order . . . she may do so by following the procedures outlined in Federal Rule of Civil Procedure 26(c) . . . ."). If Apple wanted to modify the Protective Order, it should have filed a noticed motion under Local Rule 7-2. Its

administrative motion should be denied on this basis alone. *See Raymat Materials, Inc. v. A & C Catalysts, Inc.*, 2014 WL 1647529, at *6 (N.D. Cal. Apr. 22, 2014) (finding an administrative motion improper because it sought "relief governed by the federal rules").[1]

### III.  APPLE HAS NOT SHOWN GOOD CAUSE

Even if its motion were procedurally proper, Apple failed to satisfy its burden to demonstrate "good cause to modify the protective order[]." *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-01819 CW, 2011 WL 5193479, at *5 (N.D. Cal. Nov. 1, 2011). To do so, Apple must "demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003). It has done neither.

First, a party cannot use discovery to cure a deficient complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."). It is doubly inappropriate to do so by trying to circumvent a stay of discovery. *See Foltz*, 331 at 1132 (holding a party is not entitled to modify a protective order "merely to subvert limitations on discovery in another proceeding"). Granting Apple's request would allow it to improperly get around the discovery stay in the Antitrust Action to use this discovery to attempt to cure its twice-failed antitrust complaint.

Second, Apple has not demonstrated that the Pendrell materials it seeks to disclose are relevant to the Antitrust Action. Apple asserts that Judge Chen's dismissal order held that Apple "should seek leave to include such information in an amended complaint," but this is misleading. Mot. at 4 (citing Antitrust Action, Dkt. No. 230 at 26 n.9). Judge Chen's order makes no mention of the Pendrell *at all*:

> The Court does not condone Plaintiffs' failure to provide this information to the Court. Plaintiffs could have, but did not, asked the courts presiding over the VLSI infringement suits against Intel for relief from the protective order so that they could make a filing under seal in this case.

---

[1]  That Apple's second amended complaint in the antitrust action is currently due on February 5, 2021 does not justify Apple's use of this improper procedure; this is a problem of Apple's own making. Apple unnecessarily waited two weeks after Judge Chen issued his dismissal order on January 6, 2021 to seek relief from the protective order. And, frankly, Pendrell does not appreciate the fire drill Apple created by filing an administrative motion, which requires a response within four days.

1  Antitrust Action, Dkt. No. 230 at 26 n.9.  As Judge Chen explained in his dismissal order, "[a]
2  litigation demand may have some nexus to reasonable royalties if rationally based, but it is still only
3  a demand; there is no indication that anyone has paid that demand or anything close to it."  Antitrust
4  Action, Dtk. No. 229 at 25:3-6.  This has nothing to do with the Pendrell documents Apple here
5  seeks.  Neither does Apple show how these documents could help it establish "supracompetitive
6  royalties."  Rather, those documents simply show the amount Pendrell paid for a large portfolio of
7  patents (that happened to include the '252 patent), and then how much Pendrell was paid to sell
8  some of those patents (and some others) to Uniloc thereafter.  This has nothing to do with anything
9  related to the antitrust action.

10       Third, Pendrell would suffer significant prejudice if Apple's motion were granted.  Apple
11 stipulated that any information produced in this case would be used "solely for this case" and not
12 "for any other purpose whatsoever."  Dkt. No. 65 § 6(a).  Pendrell relied on this stipulation, yet now
13 Apple is attempting to use information produced in this case to try to resurrect its twice-dismissed
14 antitrust.  *See In re Static Random Access Memory*, 2011 WL 5193479, at *5 ("[T]he court must
15 'weigh the countervailing reliance interest of the party opposing modification'") (quoting *Foltz*, 331
16 at 1133).  This is fundamentally unfair, and Apple should be bound by its stipulation.  *Nichia Corp.*
17 *v. Seoul Semiconductor Co.*, No. C 06-0162 MMC, 2007 WL 2533729, at *2 (N.D. Cal. Aug. 31,
18 2007) (stipulations are "not only between the parties, but also between them and the court, which the
19 latter is bound to enforce") (internal quotation marks omitted).

20 **IV.  APPLE HAS NOT SHOWN ITSELF TO BE TRUSTWORTHY WITH PROTECTED INFORMATION.**

22       Finally, Pendrell must regretfully admit that it is unsure whether it can trust Apple with
23 Pendrell's protected materials.  For example, Apple filed a similar motion for relief from the
24 protective order in another case between Uniloc and Apple, wherein Apple sought cross-production
25 of documents that third-party Fortress had produced in that case.  Fortress's opposition stated:

> Apple's motion makes clear that, not only is Apple improperly seeking to alter a stipulated Protective Order, but that Apple is already violating that same Order.  It is apparent that Apple has already been reviewing, analyzing, and sharing Fortress's confidential information produced in this case for the purposes of developing and making arguments for, and drafting an amended antitrust complaint in, a different case brought by Apple and Intel (a non-party to this action).  Specifically, it is not clear how

>Apple and Intel's counsel in the Antitrust Action (WilmerHale) would have known what was in the contents of the Fortress documents that are subject of this motion or how Apple's counsel in the present matter would have known that WilmerHale would want to use this information in the Antitrust Action absent some coordination, especially since this material was designated as "Outside Attorneys' Eyes Only." Harbour Decl. ¶ 3.  Indeed, WilmerHale filed a very similar motion (sometimes word-for-word) on behalf of Intel to modify a protective order in an infringement case involving another one of the antitrust defendants.  *Id.* ¶ 4.  Such use and sharing of protected materials is plainly forbidden by the Protective Order, which states that such material can neither be used for "any other litigation" nor "disclosed or made available to anyone except as expressly provided in this Order."  Dkt. 62-1 ¶ 6(a).  What's worse is that Apple has used this information not only for the benefit of itself, but also for the benefit of Intel who is not even a party to this case.

*Uniloc 2017 LLC v. Apple Inc.*, No. 3-19-cv-01905-JD (N.D. Cal.), Dkt. No. 171 at 5.  In other words, the only way Apple's antitrust counsel might have come think that the documents from the -1905 case are relevant to the antitrust case is if Apple's counsel in the -1905 case (DLA Piper) took protected information *from -1905 action* and gave that information to Apple's antitrust counsel (WilmerHale) *in the antitrust case*.  Pendrell is concerned something similar happened with its documents and information.

Also disconcerting is Apple's prior efforts to force disclosure into the public record of the exact sort of information it now seeks to cross-produce.  In *Uniloc USA, Inc. v. Apple Inc.*, No. 3:18-cv-00360-WHA, *et seq.* (N.D. Cal.), Apple filed a Uniloc document containing a list of 109 of Uniloc's licensees and the amounts they paid for their licenses.  *See id.*, Dkt. No. 167-3 ¶¶ 2-4.  Apple filed a motion to seal Uniloc's information, *id.*, Dkt. No. 134, but the court denied the motion, *id.*, Dkt. No. 159.  Uniloc filed an interlocutory appeal to the Federal Circuit.  And then, even though Apple had filed the motion to seal in the district court, on appeal Apple *opposed* Uniloc's efforts to protect the licensing information of those 109 third parties.  *See Uniloc 2017 LCC v. Apple, Inc.*, No. 2019-1922 (Fed. Cir.), Dkt. No. 24 (Apple's Opening Br.).  For these reasons, Pendrell does not feel comfortable with its information being further disseminated to even more of Apple's counsel in even more cases, including with Intel which is not subject to the Protective Order in this case.

## V. CONCLUSION.

For the foregoing reasons, non-party Pendrell respectfully requests that Apple's motion be denied and that Pendrell's documents and information not be cross-produced.

DATED: February 1, 2021

Respectfully submitted,

*/s/ Aaron S. Jacobs*
Aaron S. Jacobs (CA No. 214953)
ajacobs@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
617-456-8000

Attorneys for Non-Party Pendrell Corporation

NON-PARTY PENDRELL'S OP. TO DEF. APPLE'S MOT. FOR RELIEF FROM PROTECTIVE ORDER    6    Civil Action No. 3:19-cv-1929-EJD