James J. Foster
jfoster@princelobel.com
Aaron S. Jacobs (CA No. 214953)
ajacobs@princelobel.com
Thomas R. Fulford
tfulford@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
617-456-8000

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>     Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>     Defendant. | Civil Action No.  5:19-cv-01929-EJD<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT APPLE INC.'S ADMINISTRATIVE MOTION FOR RELIEF FROM PROTECTIVE ORDER** |

Uniloc 2017 LLC ("Uniloc") opposes Apple's Motion, Dkt. No. 105, for relief from the Protective Order in this action, Dkt. No. 65. On October 21, 2019, this Court entered that Protective Order, in which Apple had stipulated:

> All Protected Material shall be used solely for this case or any related appellate proceeding, and *not for any other purpose whatsoever, including without limitation any other litigation,* patent prosecution or acquisition, patent reexamination, reissue, *inter partes* review, covered business method review, or other post-grant review proceedings, or any business or competitive purpose or function.

Dkt. No. 65 at 6(a) (emphasis added). Apple now seeks to revoke its own stipulation in order to use protected, highly confidential information obtained in this litigation from Uniloc (and Pendrell Corporation ("Pendrell")) in an action in which discovery is stayed. By doing so, Apple hopes to circumvent that stay so that it can resurrect a twice-failed antitrust complaint. The Court should deny the Motion because Apple has not shown good cause.

**BACKGROUND**

Apple, together with Intel Corp., filed an antitrust action in this district on November 22, 2019, *Intel Corp., et al. v. Fortress Investment Group, et al.*, Case No. 5:19-cv-07651-EMC "Antitrust action"). In addition to naming Fortress as a defendant, Apple also named Uniloc, and various other entities, alleging an "anticompetitive scheme" among the defendants to acquire patents in certain areas. By acquiring those patents, Apple argued, the defendants could obtain "supracompetitive royalties."

After the action was filed, Judge Chen, to whom the action was assigned, granted a stay of discovery while he considered the defendants' motion to dismiss the complaint. *Id.*, Dkt. No. 158. He has since twice granted that motion to dismiss, although allowing limited leave to re-plead. *Id.*, Dkt. Nos. 187, 229.

**APPLE HAS NOT SHOWN GOOD CAUSE**

The information Apple's Motion seeks to share with its counsel in the antitrust action, and use in that action, consists of various contracts transferring interests in numerous patents, and a number of settlement/license agreements. It would seem Apple intends to argue to Judge Chen that Uniloc's seeking damages for Apple's infringement which well exceed the patent's purchase price should be equated with obtaining "supracompetitive royalties."

As to the contracts to which Pendrell was a party, those documents were designated as highly confidential by Pendrell. Judge Chen rejected the assertion that "supracompetitive pricing can be inferred if one were to compare the relatively low price that [an entity] paid to acquire the patent compared to" the allegedly exorbitant damages the entity has claimed for "alleged infringement of [that] patent." *Id.* at 26:22-27:2.  ("[E]ven assuming this is true, the differential must plausibly be attributed to the aggregation of patent substitutes acquired by defendants," which Apple had "failed to allege."). Judge Chen dismissed the action, but with partial leave to amend. *Id*.

Apple has not shown the information is relevant to the antitrust matter. The Motion does not attempt to explain how Uniloc's settlement/licensing agreements could show Uniloc has sought or achieved "supracompetitive royalties."

A party cannot use discovery to cure a deficient complaint, *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009), or to circumvent a stay of discovery. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1132 (9th Cir. 2003) (a party is not entitled to modify a protective order "merely to subvert limitations on discovery in another proceeding."). Apple is trying to use discovery in this matter to correct deficiencies in its antitrust complaint.

Uniloc would be prejudiced if Apple's motion was granted. Uniloc had stipulated to the terms of the Protective Order in reliance on the provision that Apple could not use Uniloc's highly confidential, protected information "for any other purpose whatsoever." As this Motion demonstrates, however, Apple is attempting to use highly confidential information collected in this (and other) infringement litigation to circumvent limitations on its discovery in the case-in-chief.

DATED: February 1, 2021

Respectfully submitted,

*/s/ James J. Foster*
James J. Foster
jfoster@princelobel.com
Aaron S. Jacobs (CA No. 214953)
ajacobs@princelobel.com
Thomas R. Fulford
tfulford@princelobel.com
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
617-456-8000

*Attorneys for Plaintiff*