# EXHIBIT A

Exhibit A

ORAL ORDER: The Court, having reviewed the parties' motion regarding a protective order dispute, (D.I. 684), and the related briefing and supplemental submission, (D.I. 685; D.I. 687; D.I. 688), and having held a teleconference on the issue with the parties on February 1, 2021, hereby ORDERS as follows: (1) Paragraph 43 of the Protective Order provides, in part, that the "Designated Material and all information derived therefrom may be used... only for purposes of [this case and one other litigation matter not at issue here]... [u]nless otherwise ordered by the Court[.]" (D.I. 96 at para. 43); (2) Now Defendant Intel Corp. ("Intel") comes forward with a reason to modify the protective order: it wishes to disclose a very limited amount of information (relating to the cost or value of two of Plaintiff VLSI Technology LLC's ("VLSI") patents-in-suit) that is purportedly subject to the protective order (the "information at issue") for the purposes of further amending Intel's complaint in a related antitrust case, Intel Corp. v. Fortress Inv. Grp. LLC, Case No. 3:19-cv-07651-EMC (N.D. Cal.), (the "antitrust case").; (3) Modification of the protective order requires the moving party to show good cause, using a balancing test and various factors set out in Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786-87, 790 (3d Cir. 1994). See also PhishMe, Inc. v. Wombat Sec. Techs., Inc., Civil Action No. 16-403-LPS-CJB, 2017 WL 4138961, at *2 (D. Del. Sept. 8, 2017).; (4) Here, the relevant Pansy factors, see Arnold v. Pa., Dept. of Transp., 477 F.3d 105, 108 (3d Cir. 2007) (listing the factors), balance in Intel's favor: (i) As to the first Pansy factor (the interest in privacy of the party seeking protection), VLSI does not seem to raise this as a concern. (D.I. 687) As to at least some of the information at issue (i.e., a small portion of VLSI's damages contentions, including VLSI's view of the damages owed regarding infringement of one of the patents-in-suit here), the Court doubts that the material should be covered by the protective order in the first place. And to the extent the other information at issue is properly subject to that order, this first factor would be neutral, as it seems like there is every expectation that the information will also be kept under seal in the antitrust case, (D.I. 685 at 3), and Intel is not seeking to disclose it to the public.; (ii) As to the second Pansy factor (whether the information is being sought for a legitimate purpose or an improper purpose), this factor favors Intel, in that it seems like Intel's purpose for seeking relief from the protective order is legitimate. In the related antitrust case, the District Judge, in recently granting a motion to dismiss Intels complaint: (a) suggested that the information at issue here could be relevant to a further amended complaint; and (b) faulted Intel for not having sought leave of this Court to modify the protective order here, so that Intel could have included that information in its now-dismissed prior complaint. See Intel Corp. v. Fortress Inv. Grp., LLC, Case No. 3:19-cv-07651-EMC, D.I. 230 at 24-26 & n.9 (N.D. Cal. Jan. 6, 2021). The Court is mindful that there is good reason why parties would generally not want confidential information provided pursuant to a protective order in one litigation to be used to trigger additional lawsuits in other courts. And it would not expect to see such requests very often or to grant them very often. But here, the Court views Intel's request as both narrow and legitimate, in light of the fact that: (a) the information at issue is particularly cabined in nature; (b) the antitrust case implicates the very patents-in-suit that are at issue in this case; and (c) the District Judge in the antitrust case has noted the potential relevance of the information at issue to a forthcoming motion.; (iii) As to the third Pansy factor (the prevention of embarrassment, and whether that embarrassment would be particularly serious), VLSI does not argue that the information at issue is embarrassing. (D.I. 687) And, as noted above, much of the information will likely remain

under seal in the antitrust case. So this factor favors Intel, or at least is neutral.; (iv) As to the fifth Pansy factor (whether sharing of the information among litigants would promote fairness and efficiency), this factor favors Intel, in light of the fact that the District Judge in the antitrust case has indicated that certain of the material could be relevant to core disputed issues regarding motion practice in that case, and the District Judge in the antitrust case has permitted Intel to file a further amended complaint by early March.; (v) Pansy factors four, six and seven do not seem to apply here.; and (vi) As to the additional factor noted in Pansy relating to "reliance by the original parties on the confidentiality order[,]" Pansy, 23 F.3d at 790, VLSI cites to paragraph 43 of the protective order and argues that it relied on the order's statement that confidential information in this case would never "be used in any other way whatsoever." (D.I. 687 at 1, 3 (internal quotation marks and citation omitted) (quoting D.I. 96 at para. 43)) But VLSI selectively omits reference to paragraph 43's statement that this restriction can be altered either by agreement of the parties (as has apparently already happened at times in this case) or by a Court order (which is what Intel is seeking to do here). (D.I. 96 at para. 43; see also id. at para. 65); and (5) The Court thus finds, after weighing the above factors, that Intel has done enough to show good cause to modify the protective order. That said, as discussed during the teleconference, the information Intel seeks to disclose, (D.I. 685 at 2), is much narrower than what is found in the entire text of the documents Intel attached as exhibits A-C of its letter brief. By no later than February 8, 2021, Intel shall provide the Court and VLSI with an indication of the narrow portions of those documents that it seeks to utilize in the antitrust case, so that the Court can confirm that those portions match the description of need provided in Intels letter brief.. Ordered by Judge Christopher J. Burke on 2/3/2021. (dlb) (Entered: 02/03/2021)
As of February 4, 2021, PACER did not contain a publicly available document associated with this docket entry. The text of the docket entry is shown above.

*VLSI Technology LLC v. Intel Corporation*
1-18-cv-00966 (DDE), 2/3/2021, docket entry 693