UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNILOC 2017 LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE, INC.,<br><br>        Defendant. | Case No. 19-cv-01929-EJD   (VKD)<br><br>**ORDER DENYING APPLE'S REQUEST FOR RELIEF FROM PROTECTIVE ORDER**<br><br>Re: Dkt. No. 105 |

In this patent infringement action, defendant Apple, Inc. ("Apple") moves for relief from the stipulated protective order entered on October 21, 2019 (Dkt. No. 65). Dkt. No. 105. Defendant Uniloc 2017 LLC ("Uniloc") and non-party Pendrell Corporation ("Pendrell") oppose the motion. Dkt. Nos. 106, 107. The Court heard oral argument on February 9, 2021. Dkt. No. 112. For the following reasons, the Court denies Apple's request for relief.

**I.    BACKGROUND**

Uniloc and Apple entered into a stipulated protective order to govern the use and disclosure of confidential material in this action, which the Court adopted with modifications. Dkt. No. 65. Section 6(a) of the stipulated protective order states:

> All Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination, reissue, inter partes review, covered business method review, or other post-grant review proceedings, or any business or competitive purpose or function. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

*Id.* at 3. The action was later stayed pending inter partes review. Dkt. No. 100.

In the meantime, Apple and Intel Corporation filed an antitrust lawsuit against Uniloc, *Intel Corp. v. Fortress Investment Group et al.*, Case No. 3:19-cv-07651-EMC (N.D. Cal.) ("the antitrust action"), claiming that Uniloc is engaging in an "anticompetitive scheme of acquiring substitute and complementary patents in particular markets relating to electronic devices and components or software therein and processes used to manufacture them, and then using their aggregated portfolio to obtain patent royalties greatly exceeding the value of the alleged inventive contributions of and competitive prices for the patents." Dkt. No. 105 at 1. The patent at issue in this action, U.S. Patent No. 7,020,252 ("the '252 patent"), is one of the patents that Apple and Intel say Uniloc has asserted anticompetitively. *Id.*

On January 6, 2021, the Hon. Edward M. Chen dismissed Apple and Intel's amended complaint in the antitrust action. Judge Chen identified certain shortcomings in Apple and Intel's pleadings, including a lack of specific information about licensing fees, and suggested that Apple and Intel "could have . . . asked the courts presiding over [the Uniloc] infringement suits [against Apple] for relief from the protective order so that they could make a filing under seal in this case" in order to provide evidence to support these allegations, including about how much Uniloc "paid to acquire" patents at issue in the markets. *Intel Corp. v. Fortress Investment Group et al.*, No. 3:19-cv-07651-EMC, Dkt. No. 230 at 23–27, n.9 (N.D. Cal. Jan. 6, 2021). Apple then filed the motion for relief now before the Court. Dkt. No. 105. Specifically, Apple seeks leave to disclose under seal documents reflecting the purchase and licensing of the patent at issue or portfolios containing the patent at issue in its antitrust suit against Uniloc. *Id.* at 2–3.

Uniloc and Pendrell object to Apple's request as lacking good cause because Apple has not demonstrated the relevance of the documents it seeks to use in the antitrust action. Dkt. No. 106 at 3–4; Dkt. No. 107 at 2–3. In addition, they argue that Apple's request is intended to circumvent the discovery stay in the antitrust action, that they would suffer prejudice because the operative stipulated protective order specifically prohibits the use of discovery obtained in this action anywhere else, and that they relied on that protection in producing the documents at issue.

## II. DISCUSSION

Apple does not dispute that good cause exists to protect the documents at issue under

1  Federal Rule of Civil Procedure 26(c).  Rather, Apple argues that it should be permitted to use
2  documents that have been designated Highly Confidential – Attorneys' Eyes Only in this action to
3  help it state a claim for relief in a separate litigation.
4        The Ninth Circuit "strongly favors disclosure to meet the needs of parties in pending
5  litigation." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  When
6  evaluating whether to grant relief from a protective order to obtain protected materials for use in
7  collateral litigation, courts consider "the relevance of the protected discovery to the collateral
8  proceedings and its general discoverability therein." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331
9  F.3d 1122, 1132 (9th Cir. 2003).  "Such relevance hinges on the degree of overlap in facts, parties,
10 and issues between the suit covered by the protective order and the collateral proceedings." *Id.*
11 (internal quotation marks omitted).  In addition, courts must "weigh the countervailing reliance
12 interest of the party opposing modification against the policy of avoiding duplicative
13 discovery." *Id.* at 1133.
14       Although the parties cite to *Foltz* and *Beckman* in their respective submissions, the Court is
15 not entirely convinced that those cases apply here.  In *Foltz*, following an insurance company's
16 settlement of a fraud action, private individuals involved in a collateral litigation against the
17 insurance company and public interest groups sought access to protected discovery materials and
18 sealed court records. *Id.* at 1127–29.  Similarly, in *Beckman*, following the settlement of an action
19 between an insurance company and its insured concerning a specific kind of policy, other insured
20 parties moved to intervene and sought access to deposition transcripts for use in their own actions
21 against the insurance company regarding the same policy. *Beckman*, 966 F.3d at 471–72.  Both
22 *Foltz* and *Beckman* involved ongoing parallel litigation where the Ninth Circuit's primary concern
23 was the unnecessary duplication of discovery efforts. *Foltz*, 331 F.3d. at 1132–33 (citing
24 *Beckman*, 966 F.2d at 475).  Here, the circumstances are different.  Judge Chen has dismissed
25 Apple and Intel's complaint in the antitrust action for failure to state a claim.  Apple is now
26 seeking information to develop evidence in support of an action it has not yet successfully pled
27 and in which discovery has been stayed.
28       Apple relies heavily on Judge Chen's statement that Apple and Intel "could have . . . asked

the courts presiding over [the Uniloc] infringement suits [against Apple] for relief from the protective order so that they could make a filing under seal in this case." *Intel Corp. v. Fortress Investment Group et al.*, No. 3:19-cv-07651-EMC, Dkt. No. 230 at 26 n.9 (N.D. Cal. Jan. 6, 2021). The Court notes, however, that the parties agree that the documents at issue in this motion do not include a unique valuation for the '252 patent, and that patent appears only in the transactional documents as one among many in a portfolio of other patents. It is not clear from Judge Chen's order that the information Apple seeks concerning the valuation of patent portfolios that include the '252 patent is the kind of information Judge Chen had in mind. In any event, Judge Chen was not presented with the question now before the Court, and the observations he made about possible avenues available to Apple and Intel to develop facts to state a claim for relief do not dictate any particular result here.

In sum, the Court concludes that Apple has not demonstrated sufficient justification for modifying the protective order to permit it to use confidential documents obtained from Uniloc and Pendrell in discovery in this action to help it develop an antitrust claim in another action.

### III. CONCLUSION

For the foregoing reasons, the Court denies Apple's request for relief.

**IT IS SO ORDERED.**

Dated: February 12, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge